UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | | |
|---|---|---|
| DENISE DIANNE BRANNIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 2:10-CV-195 |
| | ) | *Chief Judge Collier* |
| CARTER COUNTY COURT, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Proceeding *pro se,* inmate Denise Dianne Brannigan brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging an August 10, 2010 conviction by a jury in the Carter County, Tennessee Criminal Court for one count of theft over $500 and three counts of fraudulent use of credit card [Court File No. 1]. For these offenses, according to the petition, she received respective terms of five years and "2 X 11 & 29" [two eleven-month and twenty-nine day terms?]. There is one primary problem with this petition, which call for its dismissal without prejudice.

The law is well settled: It must be clear on the face of a petition that a petitioner has exhausted her state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

In this case, petitioner does not indicate she has ever presented the claims she is offering here to the state court and has not alleged any unusual or exceptional circumstances warranting review of her habeas corpus petition. Nor are any such circumstances apparent from her pleading. Indeed, it would have been impossible for petitioner to have exhausted state remedies during the brief period of time which has elapsed since her conviction was entered. And she acknowledges, in a letter to the Court [Court File No. 4], that her attorney has filed a motion for a new trial, though he has since indicated to her he is moving his practice to Social Services in an adjoining city and will no longer represent her. Thus, the petition is subject to *sua sponte* dismissal without prejudice. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted).

Accordingly, for all these reasons, this petition will be **DISMISSED** without prejudice.

A separate order will enter.

**ENTER**:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**